UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONE DEVIN, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1766 |
| | § | |
| HARRIS COUNTY JAIL, | § | |
| | § | |
|     Respondent. | § | |

## **MEMORANDUM AND ORDER**

Antone Devin is an inmate in the Harris County jail. He filed a complaint under 42 U.S.C. § 1983. The complaint is two pages of rambling, handwritten allegations. While the specifics of Devin's complaint are difficult to discern, the crux of his complaint appears to be broad allegations of rampant corruption at the Harris County Jail including, according to Devin, murder, prostitution, and money laundering.

Section 1915A of title 42 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

Although pleadings submitted by *pro se* litigants are not held to the same standards as those from trained attorneys, claims are nonetheless frivolous when they are based on allegations that are delusional, fantastic, or clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Plaintiff's factual allegations are clearly baseless. At a minimum, his generalized claims of corruption fail to state a claim of the deprivation of any of *his* constitutional rights, and therefore fail to state a cognizable claim under 42 U.S.C. § 1983.

Accordingly, it is ORDERED that the complaint (Dkt. No. 1) is DISMISSED. It is FURTHER ORDERED that Devin's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED AS MOOT.

SIGNED on this 26th day of June, 2014.

_____
Kenneth M. Hoyt
United States District Judge